UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL MATHIESON,

    Plaintiff,

    v.

GENERAL COUNSEL FOR THE
FEDERAL BUREAU OF PRISONS,

    Defendant.

Civil Action No. 10-0125 (JDB)

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss. Because defendant already has provided the relief plaintiff demands, this matter will be dismissed as moot.

### I. BACKGROUND

#### The BOP's Inmate Grievance Procedure

The Administrative Remedy Program is the means by which an inmate "seek[s] formal review of an issue relating to any aspect of his[] own confinement." 28 C.F.R. § 542.10(a). Generally, "an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). If an informal resolution is not achieved, the inmate may submit a formal written administrative remedy request within "20 calendar days following the date on which the basis for the [r]equest occurred." 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response at this first level of the process, he "may submit an [a]ppeal

-1-

to the Regional Director within 20 days of the date on which the Warden signed his response."
28 C.F.R. § 542.15(a). "An inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* Once a request or appeal is filed, "response shall be made by the Warden . . . within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days," and staff "shall respond in writing to all filed [r]equests or [a]ppeals." 28 C.F.R. § 542.18.

Allegations of Plaintiff's Amended Complaint[1]

It appears that plaintiff, a federal prisoner, filed two administrative remedy requests (Nos. 537129-A1 and 547247-A1) which had reached the final stage of the process – appeal to the BOP's General Counsel. *See* Am. Compl. at 1. Because the General Counsel had not responded to these appeals within the time limit set forth in 28 C.F.R. § 542.18, plaintiff brought this action to compel responses. *Id.* at 1-2.

## II. DISCUSSION

Defendant argues that this matter is subject to dismissal as moot because the General Counsel has now issued final written decisions on both appeals and has mailed them to plaintiff. Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss at 4-5; *see id.*, Ex. C (Response to Administrative Remedy Number 537129-A1 dated January 11, 2010) and Ex. D (Response to Administrative Remedy Number 547247-A1 dated March 10, 2010). In addition, copies of these responses are submitted as exhibits to defendant's motion to dismiss.

---

[1] Although plaintiff expressly sought mandamus relief under 28 U.S.C. § 1361, he labels his initial pleading as a "Complaint," and identifies the parties as "Plaintiff" and "Defendant." *See* Compl. [Dkt. #1] at 1 (caption).

Plaintiff counters that, although the General Counsel issued written responses, he failed to serve him each original signed response. Pet.'s Resp. in Opp'n to Resp.'s Mot. to Dismiss at 2-5. Because 28 C.F.R. § 542.18 requires that "staff <u>shall</u> <u>respond</u> <u>in</u> <u>writing</u> to <u>all</u> filed . . . appeals, it is <u>implicit</u> that a copy of such response would be <u>required</u> to be served upon the person who filed the appeal." *Id.* at 3-4 (emphasis in original) (internal quotation marks omitted); *see id.* at 5-6, 8-9. Defendant's failure to comply with the regulation, he asserts, is a valid basis for denying the motion to dismiss, *id.* at 9-10, in order that the mandatory language of 28 C.F.R. § 542.18 is not rendered meaningless.

"The mootness doctrine . . . limits federal courts to deciding 'actual, ongoing controversies.'" *Clarke v. United States*, 915 F.2d 699, 700-01 (D.C. Cir. 1990) (en banc) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)); *see* U.S. CONST. art. III, § 2, cl. 1. "Even where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal court to refrain from deciding it if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" *Clarke*, 915 F.2d at 701 (quoting *Transwestern Pipeline Co. v. FERC*, 897 F.2d 570, 575 (D.C. Cir. 1990)).

Although BOP staff "shall respond in writing to all filed Requests or Appeals," 28 C.F.R. § 542.18, the regulation does not require that staff deliver this written response to the inmate in any particular manner. Plaintiff offers no authority for the proposition that personal service is mandatory. Furthermore, plaintiff does not deny that he has now received written responses to each of his administrative remedy requests, either by having received copies previously by mail, or along with his copy of defendant's motion, or both. The Court identifies no meaningful relief

for plaintiff other than that which he already has received, and, therefore, deems this matter moot. Defendant's motion to dismiss will be granted. An Order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
United States District Judge

DATE: November 5, 2010